UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL VASQUEZ CASANOVA,

        Petitioner,

v.                                Case No.  2:26-cv-774-JES-DNF

FLORIDA SOFT SIDE SOUTH

        Respondents.

_____/

## OPINION AND ORDER

Petitioner Manuel Vasquez Casanova, a non-citizen currently confined at Florida Soft Side South Detention Facility (Alligator Alcatraz), has filed a *pro se* petition for writ of habeas corpus. (Doc. 1).  After screening the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] it is dismissed without prejudice for two reasons.

First, the petition is written entirely in Spanish. Plaintiff's pleading must be translated into English before submission to the Court.  See Ramirez-Solorio v. United States, No. 111CR0264ATJFK3, 2017 WL 2350209, at *1 (N.D. Ga. May 31, 2017)

---

[1] Rule 4 requires a district court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" The Court has discretion to apply Rule 4 to petitions, such as this one, filed under 28 U.S.C. § 2241. See Rule 1(b), Rules Governing Section 2254 Cases.

("Federal Court filings must be in English, and documents written in another language must be filed with a translation."); <u>Rivas-Montano v. United States</u>, No. 803-CR-47T24-EAJ, 2006 WL 1428507, at *1 (M.D. Fla. May 22, 2006) ("'[I]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.'") (quoting <u>United States v. Rivera-Rosario</u>, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002)).

Next, under 28 U.S.C. § 2241, a detainee may file a federal petition for writ of habeas corpus if his detention "violate[s] the Constitution or the laws or treaties of the United States." <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1060 (11th Cir. 2003); 28 U.S.C. § 2241(c)(3).  As far as the Court can tell, Petitioner bases his entitlement to relief primarily upon the fact that he is 72 years old.  Holding a noncitizen of that age in immigration is not a stand-alone reason to grant a petition for writ of habeas corpus.

Accordingly, it is hereby **ORDERED:**

1.    This case is **DISMISSED without prejudice.**

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.    The **Clerk** shall send Petitioner a 28 U.S.C. § 2241 form. If Petitioner choses to file a new petition, he may do so by using the enclosed form.  He should not put the case number appearing

2

on this Order on the form because the Clerk will assign a *new* case number upon receipt.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3